```
                                                          FILED
                                                  U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
                                                  2008 SEP 22 PM 12: 31
FOR THE SOUTHERN DISTRICT OF GEORGIA
                                                  CLERK C Adcaus
AUGUSTA DIVISION                                  SO. DIST. OF GA.
```

| | |
|---|---|
| SAMMIE L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-120 |
| ) | |
| TERRY ANDREWS, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Coffee Correctional Facility, in Nicholls, Georgia, filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. The above-captioned case is before the Court on Defendants' "Motion to Dismiss for Lack of Prosecution." (Doc. no. 25). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

### I. DISCUSSION

On January 16, 2008, the Court sanctioned Plaintiff's purported medical deliberate indifference claim against Defendants Andrews and Holder. (Doc. no. 9). Both Defendants filed answers to Plaintiff's complaint and a scheduling notice was entered. (Doc. nos. 15-17). From the time Defendants answered the complaint until they filed their motion to dismiss, the record is devoid of any activity - other than a partial filing fee - on Plaintiff's

behalf.

Furthermore, when Plaintiff did not file a response to Defendants' motion to dismiss, the Court entered an Order cautioning Plaintiff that his failure to respond to a motion generally indicated that the motion was unopposed. (Doc. no. 26). The Court also directed Plaintiff to file a response to Defendants' motion to dismiss within fifteen days of the date of the Order. (Id.). The time to file Plaintiff's response has passed, and Plaintiff failed to file a response. As such, Defendants' motion to dismiss is deemed unopposed. Loc. R. 7.5.

Defendants have moved to dismiss this case pursuant to Fed. R. Civ. P. 41(b), citing Plaintiff's obvious failure to prosecute the instant action or to obey the dictates of the Court's order. (Doc. no. 24). The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Simply put, Plaintiff's actions amount to a failure to prosecute this action. Accordingly, the instant case should be **DISMISSED**.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have

voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, it would be inappropriate to dismiss the instant action with prejudice.

## II. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to be dismissed be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3